**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHOENIX INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br>HARLEYSVILLE INSURANCE COMPANY OF NEW JERSEY,<br><br>Defendant. | CASE NO.: |

**COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY DAMAGES**

Plaintiff PHOENIX INSURANCE COMPANY ("Phoenix"), by its attorneys, Usery & Associates, as and for its Complaint against defendant HARLEYSVILLE INSURANCE COMPANY OF NEW JERSEY ("Harleysville"), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. At all times hereinafter mentioned, Phoenix, a member of The Travelers Companies, Inc. group ("Travelers"), was, and still is, a corporation organized pursuant to the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

3. At all times hereinafter mentioned, Phoenix was, and still is, an insurance company duly authorized to conduct business in the State of New Jersey.

4. Upon information and belief, at all times hereinafter mentioned, Harleysville was, and still is, a corporation organized pursuant to the laws of the State of New Jersey, with its principal

place of business in Columbus, Ohio as part of the Nationwide Mutual Insurance Company ("Company") affiliated entities.

5. Upon information and belief, at all times hereinafter mentioned, Harleysville was, and still is, an insurance company duly authorized to conduct business in the State of New Jersey.

6. The underlying claim at issue arises from a slip-and-fall incident causing bodily injury to plaintiff in the underlying action, Nicole Pugliese, in which she was awarded in excess of $75,000 at a non-binding arbitration, and the amount in controversy herein exceeds the sum of $75,000.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action, including the underlying accident, the subcontract at issue, and Harleysville's insured's operations, occurred within the State of New Jersey, and because Harleysville is subject to personal jurisdiction in this District.

8. This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to determine an actual and justiciable controversy between the parties concerning their respective rights and obligations under a policy of insurance.

## FOUNDATIONAL ALLEGATIONS

### A. <u>The Underlying Action</u>

9. Miller Refrigeration Inc. ("Miller") is a refrigeration service and maintenance contractor engaged by Costco Wholesale Corporation ("Costco").

10. Miller subcontracted refrigeration service and maintenance work at a Costco store located at 245 Stafford Park Blvd, Stafford Township, New Jersey (the "Premises") to Heritage Refrigeration LLC ("Heritage"), pursuant to a Refrigeration Service/Maintenance Agreement (the "Subcontract"), signed by both parties.

11. On or about August 26, 2023, plaintiff in the underlying action Nicole Pugliese was present at the Premises, walked into the refrigerated dairy cooler area, allegedly encountered a puddle of water that had become slick like ice, and slipped and fell, sustaining bodily injury (the "Underlying Action").

12. As alleged, the puddle at issue was caused by a drain pan in the Costco dairy cooler that had been leaking for a period of weeks prior to the accident.

13. Miller inspected the cooler on June 7, 2023, and quoted a replacement drain pan on June 9, 2023.

14. Upon information and belief, Costco had actual notice of the leak and was pressing to expedite the replacement of the drain pan as of June 16, 2023.

15. The replacement drain pan was delivered to Heritage's New Jersey location on August 15, 2023, eleven days before the accident, but Heritage did not complete the installation until January 31, 2024, approximately five months after the accident.

16. Heritage has admitted, in sworn deposition testimony in the Underlying Action, that it received the replacement part on August 15, 2023 and failed to follow up to complete its installation prior to the accident.

17. A non-binding arbitration award in the Underlying Action, dated July 23, 2026 (the "Arbitration Award"), found Heritage 30% liable for the accident giving rise to the Underlying Action.

**B. <u>The Subcontract</u>**

18. The Subcontract was executed by Anthony J. Miller, as President of Miller, and James A. Lesch, as President of Heritage, prior to the August 26, 2023 date of accident.

19. Section 7 of the Subcontract, titled "Insurance," expressly requires Heritage to obtain and maintain Comprehensive General Liability Insurance on an occurrence form, including contractual liability and products and completed operations coverage, and to furnish Certificates of Insurance naming Miller and Costco as additional insureds, with minimum primary limits of $5,000,000.00 combined single limit.

**C. The Harleysville Policy**

20. Commercial General Liability insurance, Policy No. MPA0000007310AH, with limits of $1,000,000 each occurrence and $2,000,000 general aggregate, and Excess Policy No. CMB00000060847Q, with limits of $5,000,000, was issued by Harleysville to Heritage as Named Insured (collectively, the "Harleysville Policy").

21. The Harleysville Policy includes endorsement CG 7263 12 10, Additional Insured – Owners, Lessees or Contractors – Completed Operations – Automatic Status When Required in Construction Agreement With You, which affords additional insured status, automatically and without need for a separately executed endorsement, to any party for whom Heritage agreed by written contract to provide such status.

22. Coverage under endorsement CG 7263 12 10 is triggered by liability "caused, in whole or in part," by Heritage's acts or omissions.

23. The Arbitration Award's finding that Heritage is 30% liable for the accident giving rise to the Underlying Action satisfies the "caused, in whole or in part" trigger of endorsement CG 7263 12 10.

24. Miller and Costco each qualify as additional insureds under the Harleysville Policy for the Underlying Action.

25. The Harleysville Policy provides primary, non-contributory coverage to Miller and Costco for the Underlying Action, in accordance with the express language of Section 7 of the Subcontract.

**D. <u>The Phoenix Policy</u>**

26. Phoenix issued Commercial General Liability policy No. DTNCO-1T53823A to Miller as Named Insured, with a policy period from March 1, 2023 to March 1, 2024 (the "Phoenix Policy").

27. Phoenix has provided and continues to provide a defense to Miller, and has funded a defense on behalf of Costco, for the Underlying Action under the Phoenix Policy, notwithstanding that such coverage is intended to be excess to, and non-contributory with, any primary additional insured coverage available under the Harleysville Policy.

28. Presently, Phoenix (through Travelers) has incurred and paid $51,374.53 in defense expenses for the Underlying Action, which continue to accrue and are subject to complete finalization which total amounts are properly the primary obligation of Harleysville.

**E. <u>The Tenders and Harleysville's Coverage Positions</u>**

29. By letter dated May 6, 2024, Travelers on behalf of Phoenix tendered the Underlying Claim to Heritage (Travelers Claim No. FDV5018), citing Section 7 of the Subcontract and demanding that Heritage, through its carrier(s), assume the defense and indemnification of Miller and Costco as additional insureds on a primary and non-contributory basis.

30. Nationwide, on behalf of Harleysville, initially declined this first tender as premature, on the basis that no suit had yet been filed, and advised that the tender be renewed upon commencement of litigation.

31. By letter dated November 7, 2025, Harleysville, through its Nationwide claims representative, denied that any additional insured coverage owed to Miller under the Harleysville Policy was primary and non-contributory, asserting that any such coverage was excess only, and that Miller was not a named insured.

32. Harleysville's November 7, 2025 letter took the position that the Subcontract "does not include such a provision requiring coverage to be primary and noncontributory," a position directly contradicted by the express "primary" language of Section 7 of the Subcontract.

33. By email dated March 1, 2026, Travelers rebutted Harleysville's November 7, 2025 denial in correspondence to Harleysville, quoting Section 7 of the Subcontract verbatim and emphasizing its requirement of "minimum primary limits of $5,000,000.00 combined single limit," and demanding that Harleysville reconsider its position and provide primary additional insured coverage to Miller and Costco.

34. By written response dated in or about March 2026, Harleysville, maintained its denial of contractual indemnification, acknowledged for the first time that Miller qualifies as an additional insured under endorsement CG 7263 12 10 but limited that acknowledgment to an allocated basis only, maintained that any additional insured coverage was excess rather than primary, and offered 50% defense cost sharing for Miller only, under a reservation of rights.

35. By correspondence dated July 22, 2026, Travelers rejected Harleysville's 50% defense cost-sharing offer, re-tendered the Underlying Action, and demanded full primary defense and indemnification for both Miller and Costco under the Harleysville Policy, again citing the Section 7 primary language and noting Heritage's deposition admission regarding the August 15, 2023 delivery of the replacement drain pan.

36. By letter dated August 5, 2026, Harleysville, again denied that Costco is an additional insured under the Harleysville Policy at all, and denied any primary or non-contributory coverage obligation, while acknowledging Miller as an additional insured solely on an allocated basis.

37. By letter dated August 13, 2026, Travelers again provided Harleysville with the Section 7 primary language, challenged Harleysville's allocated-basis position in light of endorsement CG 7263 12 10's "caused in whole or in part" trigger and the Arbitration Award's finding of 30% liability against Heritage, and demanded full primary and non-contributory defense and indemnification for Miller and Costco, together with reimbursement of $51,374.53 in defense costs paid to that date.

38. Harleysville has failed and refused to acknowledge that Costco is an additional insured under the Harleysville Policy, has failed and refused to provide primary, non-contributory coverage to either Miller or Costco, and has failed and refused to reimburse Phoenix and Travelers for defense costs and expenses incurred to date.

39. As a result of Harleysville's failure and refusal to accept its primary insurance coverage obligations, Phoenix and Travelers have been forced to fund the defense of Miller and, in part, of Costco for the Underlying Action.

**AS AND FOR THE FIRST CLAIM FOR RELIEF**

40. Phoenix repeats, realleges, and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if more fully set forth herein.

41. An actual and justiciable controversy exists between Phoenix and Harleysville concerning whether Miller and Costco each qualify as additional insureds under the Harleysville Policy, including endorsement CG 7263 12 10, for the Underlying Action.

42. Harleysville has wrongfully denied, and continues to wrongfully deny, that Costco qualifies as an additional insured under the Harleysville Policy, notwithstanding that Section 7 of the Subcontract expressly names Costco, together with Miller, as a required additional insured.

43. Harleysville has wrongfully limited, and continues to wrongfully limit, Miller's additional insured status under the Harleysville Policy to an allocated basis, notwithstanding that the "caused, in whole or in part" trigger of endorsement CG 7263 12 10 is satisfied by the Arbitration Award's finding that Heritage is 30% liable for the accident.

44. Phoenix seeks a declaratory judgment that Miller and Costco are each additional insureds under the Harleysville Policy for the Underlying Action, entitled to full, not merely allocated, defense and indemnification coverage on a primary non-contributory basis.

45. Phoenix has no adequate remedy at law.

**AS AND FOR THE SECOND CLAIM FOR RELIEF**

46. Phoenix repeats, realleges, and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if more fully set forth herein.

47. An actual and justiciable controversy exists between Phoenix and Harleysville concerning whether the coverage owed by Harleysville to Miller and Costco as additional insureds is primary and non-contributory, or excess only, as compared to the Phoenix Policy.

48. Section 7 of the Subcontract expressly requires the Harleysville Policy serve as primary, and Harleysville's excess-only position cannot be reconciled with that express contractual language.

49. Phoenix seeks a declaratory judgment that Harleysville's coverage for Miller and Costco under the Harleysville Policy is primary and non-contributory to any coverage available to

Miller or Costco under the Phoenix Policy, and that any obligation of Phoenix to defend or indemnify Miller or Costco for the Underlying Action is excess to, and contingent upon, the proper exhaustion of the Harleysville Policy.

50. Phoenix has no adequate remedy at law.

**AS AND FOR THE THIRD CLAIM FOR RELIEF**

51. Phoenix repeats, realleges, and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if more fully set forth herein.

52. Harleysville has failed and refused to acknowledge its primary duty to defend and indemnify Miller and Costco for the Underlying Action, and has failed and refused to reimburse Phoenix and Travelers for defense fees, costs and expenses incurred as a result.

53. As a result of Harleysville's failure to acknowledge its primary coverage obligations, Phoenix and Travelers have incurred, and continues to incur, defense fees, costs and other expenses in connection with the defense of Miller and Costco in the Underlying Action, including $51,374.53 in defense expenses paid presently and these expenses continue to accrue and are subject to a finalization in total.

54. As a result of the foregoing, Phoenix and Travelers are entitled to a money judgment against Harleysville in an amount equal to what Phoenix has incurred, and will incur, to defend Miller and Costco in the Underlying Action, in an amount to be determined by the Court, plus interest.

**WHEREFORE,** plaintiff PHOENIX INSURANCE COMPANY demands judgment as follows:

1. On the First Claim for Relief, a declaratory judgment that Miller and Costco are each additional insureds under the Harleysville Policy, including endorsement CG 7263 12 10, for the Underlying Action, entitled to full defense and indemnification coverage;

2. On the Second Claim for Relief, a declaratory judgment that Harleysville's coverage for Miller and Costco is primary and non-contributory as compared to the Phoenix Policy, and that Phoenix's coverage for the Underlying Claim, if any, is excess to and contingent upon exhaustion of the Harleysville Policy;

3. On the Third Claim for Relief, a money judgment in favor of plaintiff PHOENIX INSURANCE COMPANY, a member of Travelers, and against defendant HARLEYSVILLE INSURANCE COMPANY OF NEW JERSEY, in an amount to be determined by the Court, including reimbursement of the presently paid $51,374.53 in defense expenses which continue to accrue and are subject to finalization in total, plus interest; and

4. Granting plaintiff PHOENIX INSURANCE COMPANY recovery of the fees, costs, expenses and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: Morristown, New Jersey
September 29, 2026

**USERY & ASSOCIATES**

By: <u>*/s/Christopher E. Martin*</u>
Christopher E. Martin
Attorneys for Plaintiff
Phoenix Insurance Company
445 South Street
Morristown, NJ 07960
(973) 631-3182

cmarti26@travelers.com

Please send all mail to:

P.O. Box 2996
Hartford, CT 06104-2996